[Cite as *Bernard v. Wodarcyk*, 2019-Ohio-4144.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Harry Bernard, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-628 |
| v. | : | (C.P.C. No. 17CV-8813) |
| Michael A. Wodarcyk, M.D., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

### D E C I S I O N

### Rendered on October 8, 2019

**On brief:** *Butler, Cincione & DiCuccio, N. Gerald DiCuccio,* and *William A. Davis,* for appellant. **Argued:** *William A. Davis.*

**On brief:** *Poling Law, Brant E. Poling,* and *Sabrina S. Sellers,* for appellee. **Argued:** *Jennifer Myers.*

ON APPEAL from the Franklin County Court of Common Pleas

McGRATH, J.

{¶ 1} Plaintiff-appellant, Harry Bernard, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Michael A. Wodarcyk, M.D., finding the statute of limitations had expired. For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} In February 2016, appellant sought treatment from appellee for a urological condition, which resulted in appellee performing a surgical procedure to remove a kidney stone. Appellant continued to experience difficulties and appellee treated him until April

or May 2016.[1]  Appellant then sought a second opinion from urologist Jeffrey Zipkin, M.D. On October 2, 2017, appellant filed a complaint alleging malpractice against appellee which also contained a motion for extension of time within which to file an affidavit of merit.

{¶ 3}  On December 28, 2017, appellant filed an affidavit of merit from Dr. Zipkin. On March 22, 2018, appellee filed an answer, asserting the statute of limitations as a defense, among others.  On July 5, 2018, appellee filed a motion for summary judgment which the trial court granted on July 25, 2018.

## II. Assignment of Error

{¶ 4}  Appellant appeals and assigns the following assignment of error for our review:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER THE FACTS AND CIRCUMSTANCES IN THIS ACTION, BY RULING AS A MATTER OF LAW THAT THE STATUTE OF LIMITATIONS FOR MEDICAL CLAIMS SET FORTH IN R.C. §2305.113 HAD EXPIRED, IGNORING THE FACT THAT OF A NOTICE OF CLAIM LETTER HAD BEEN HAND DELIVERED TO SAID DEFENDANT PURSUANT TO R.C. §2305.113(B)(1).

## III. Analysis

{¶ 5}  In his assignment of error, appellant argues the trial court erred in granting appellee's summary judgment motion.  A trial court properly grants a summary judgment motion pursuant to Civ.R. 56 only when the moving party demonstrates that: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.  Civ.R. 56; *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29.  An appellate court reviews a trial court's ruling on a motion for summary judgment under a de novo standard.  *Hudson* at ¶ 29.  An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's

---

[1] In his brief, appellant states his last visit to appellee's office was in May 2016.  Appellee asserts in his affidavit that the last date of treatment was April 22, 2016.

determination.  *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.).

{¶ 6}   In *Dresher v. Burt*, 75 Ohio St.3d 280 (1996), the Supreme Court of Ohio stated that the moving party, on the ground that the nonmoving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim.  Once the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial.

{¶ 7}   As mentioned, the motion for summary judgment was filed on July 5, 2018. The trial court ruled on appellee's motion for summary judgment on July 25, 2018 at 3:26 p.m., finding the motion was unopposed. Appellant filed his memorandum in opposition to the motion for summary judgment on July 25, 2018 at 11:41 a.m.

{¶ 8}   Appellant argues that pursuant to Civ.R. 56(C), he had until August 2, 2018 to file his memorandum in opposition.  Civ.R. 56 does allow a 28-day response period, providing: "*Unless otherwise provided by local rule* or by order of the court, the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of the motion." (Emphasis added.) Thus, Civ.R. 56 only provides default deadlines in circumstances where no applicable local rule or court order exists.  *Nationstar Mortgage LLC v. Payne*, 10th Dist. No. 16AP-185, 2017-Ohio-513, ¶ 13.  However, the Local Rules of the Franklin County Court of Common Pleas, General Division, modified this response time to 14 days after the date of service of the motion.  Loc.R. 57.02 and 21.01.[2]

{¶ 9}   Loc.R. 57.02 provides: "All affidavits, depositions, and other evidentiary material permitted by Civ.R. 56(C) in support of or in opposition to the motion for summary judgment shall be filed with the motion or responsive pleading.  This section does not extend the time limits for filing a brief in opposition or a reply brief as provided in Loc.R. 21.01."  Loc.R.  57.01 provides that "[a]ll motions for summary judgment filed pursuant to Civil Rule 56 shall be deemed submitted to the judge when filed.  This rule does not alter

---

[2] We recognize that Civ.R. 56 was amended effective July 1, 2019, providing responses to summary judgment may be served within 28 days after service of the motion. Loc.R. 21.01 was amended in response and the court is currently seeking public comment.

the response dates for memorandum contra and replies under Local rule 21.01." Loc.R. 21.01 provides: "All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon.  The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion."  As Loc.R. 21.01 specifies the deadline for responding to a motion, that rule applies and limits the amount of time appellant had to respond to the motion for summary judgment, including all evidentiary materials in support.  *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 12.

{¶ 10} Courts in Ohio possess the authority to enact local rules.  *Union Bank v. Brumbaugh*, 69 Ohio St.2d 202, 205 (1982).  The local rules provide that the response to the summary judgment motion and any supporting evidentiary materials must be filed within 14 days after the date of service and a motion for summary judgment is submitted to the judge when filed.

{¶ 11} In this case, appellee filed the motion for summary judgment on July 5, 2018.  Any response and evidentiary materials were due 14 days later or by July 19, 2018.  On July 25, 2018, the trial court issued its ruling.  Appellant argues he filed his response and supporting evidentiary materials earlier in the day on July 25; however, these materials were filed outside of the deadline.  Appellant did not seek an extension of time to respond to the motion for summary judgment.  The trial court ruled on the motion after the time expired for appellant's response and thus, did not err by ruling on the motion for summary judgment before 28 days expired.

{¶ 12} Appellant further argues that a genuine issue of material fact exists as to whether the statute of limitations was extended.  The applicable statute of limitations for medical claims, as set forth in R.C. 2305.113, is one year after the cause of action accrues. *Adams v. Kurz*, 10th Dist. No. 09AP-1081, 2010-Ohio-2776, ¶ 14. R.C. 2305.113(A) provides that "except as otherwise provided in this section, an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." The statute of limitations begins to run:  "(1) 'when the patient discovers or, with the exercise of reasonable care should have discovered, the resulting injury'; or (2) 'the physician-patient relationship for

the condition for which care was sought terminates, whichever occurs later.' " *Id.* at ¶ 14, quoting *Theobald v. Univ. of Cincinnati*, 10th Dist. No. 09AP-269, 2009-Ohio-5204, ¶ 9, citing *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987). "If prior to the expiration of the one-year period * * * a claimant * * * gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim," a plaintiff may extend the statute of limitations. *Id.*, quoting R.C. 2305.113(B)(1). Delivery of such a letter, typically referred to as the 180-day letter, allows commencement of the action within 180 days after the notice or letter is given. *Id.*[3]

{¶ 13} Appellee contends that the physician-patient relationship ended on April 22, 2016. Appellant filed his complaint on October 2, 2017, after the statute of limitations expired. Appellant contends he delivered a 180-day letter to appellee on April 6, 2017, thus extending the statute of limitations for 180 days.

{¶ 14} Appellee contends he did not receive the letter. In his affidavit, appellee denied signing the certified return delivery receipt. Appellee states in his affidavit that he did not receive the 180-day letter prior to appellant's commencement of this action.

{¶ 15} In *Edens v. Barberton Area Practice Ctr.*, 43 Ohio St.3d 176 (1989), the Supreme Court of Ohio held that a 180-day letter is "given" once it is received. Given that appellant's memorandum in opposition to summary judgment and exhibits were not timely filed, the only evidence properly before the trial court was appellee's evidence, including his affidavit in which he stated he did not receive the written notice before appellant commenced this action. In the absence of evidence to demonstrate the existence of a genuine issue of material fact, the trial court did not err in granting appellee's motion for summary judgment. Appellant's assignment of error is overruled.

---

[3] R.C. 2305.113 was amended effective March 20, 2019, providing the notice must be sent by certified mail, as follows: "A claimant who allegedly possesses a medical claim and who intends to give to the person who is the subject of that claim the written notice described in division (B)(1) of this section shall give that notice by sending it by certified mail, return receipt requested, addressed to any of the following: (a) The person's residence; (b) The person's professional practice; (c) The person's employer; (d) The address of the person on file with the state medical board or other appropriate agency that issued the person's professional license."

## IV. Conclusion

{¶ 16}   For the foregoing reasons, appellant's assignment of error[4] is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

McGRATH, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____

[4] Appellee's brief responds to three assignments of error.  Appellant only raised one assignment of error and we have addressed the issues appellant raised and decline to address appellee's further arguments.