[Cite as *McClendon v. Cuyahoga Cty. Sheriff's Office*, 2022-Ohio-1589.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| DARRELL MCCLENDON, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 110863 |
| v. | : | |
| CUYAHOGA COUNTY SHERIFF OFFICE, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 12, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-924144

***Appearances:***

Darrell McClendon, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant, Darrell McClendon, appeals the trial court's decision to grant summary judgment in favor of defendant-appellee, Cuyahoga County Sheriff's Office. After a thorough review of the law and facts, we affirm.

{¶ 2} In 2014, appellant was charged in an 18-count indictment with trafficking in persons (Counts 1 through 15), promoting prostitution (Count 16), drug possession (Count 17), and possessing criminal tools (Count 18). Each of the trafficking in persons counts included a repeat violent offender specification and Count 18 included a forfeiture specification. "The charges arose [out of] McClendon's operation of a prostitution ring in which he allegedly preyed on women who were addicted to heroin, increased their heroin dosage, and then forced them to engage in prostitution in exchange for heroin to feed their addictions." *State v. McClendon*, 8th Dist. Cuyahoga No. 103202, 2016-Ohio-2630, ¶ 2.

{¶ 3} Appellant entered into a plea agreement with the state of Ohio and agreed to plead guilty to an amended Count 1, trafficking in persons that included all seven victims and to forfeit the property included in the forfeiture specification in Count 18. On December 10, 2014, the trial court sentenced appellant to 15 years in prison, five years of mandatory postrelease control, and classified him as a Tier II sex offender/child victim offender. Appellant was granted leave to file a delayed appeal of his conviction. On appeal, appellant argued that his plea was not knowingly, intelligently, and voluntarily made because the trial court did not first order a mental health evaluation. *Id.* at ¶ 16. This court found that appellant's statements at the plea hearing did not demonstrate that he lacked the requisite mental capacity to enter into a guilty plea nor suggested that the trial court should not have accepted his guilty plea and affirmed his conviction. *Id.* at ¶ 22.

{¶ 4} After this court affirmed appellant's conviction, appellant filed a motion seeking release of his personal property. The state did not object and, on June 1, 2018, the trial court granted appellant's motion. Appellant then filed six additional motions or complaints seeking the release of his property. The trial court denied each pleading, explaining that the appellee had released the property to appellant's representative on June 3, 2018.

{¶ 5} In October 2019, appellant filed a complaint for replevin against the appellee. In lieu of an answer, appellee moved for summary judgment. On February 18, 2020, appellee filed a motion for leave to file a corrected motion for summary judgment. In support thereof, appellee attached to its motion a copy of its search warrant inventory sheet showing the items seized; a copy of appellant's indictment; and related journal entries showing that it had released appellant's property on June 3, 2018; said property included a "doo rag," Ohio driver's license, debit cards, social security card, wallet, bracelets, and a ring.

{¶ 6} In December 2019, appellant moved for default judgment. In an order dated March 9, 2020, the trial court granted appellee's motion for leave to file a corrected motion for summary judgment, denied appellant's motion for default judgment, and gave appellant 30 days to respond to the summary judgment motion.

{¶ 7} Appellant did not respond to appellee's motion for summary judgment. On September 2, 2021, the trial court granted the motion for summary judgment.

{¶ 8} Appellant filed a timely pro se appeal and raises one assignment of error for our review:

I. The trial court denied the appellant notice violating his due process rights under the Fourteenth Amendment embedded in the United States Constitution.

{¶ 9} In his sole assignment of error, appellant argues that he was denied his due process rights because the trial court did not notify him he could respond to the motion for summary judgment.

{¶ 10} This court reviews a trial court's ruling on a motion for summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶ 11} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 12} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the

existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 13} Thus, pursuant to Civ.R. 56(E), when a moving party satisfies its initial burden under Civ.R. 56(C), then the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." As it pertains to this case, Civ.R. 56(E) further provides: "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 14} We are mindful that the Supreme Court of Ohio noted in *Peters v. B. & F. Transfer Co.*, 7 Ohio St.2d 143, 219 N.E.2d 27 (1966), "'[u]nder our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his [or her] trial by jury when he [or she] has the right.'" *Id.* at paragraph eight of the syllabus, quoting *J. C. Penny Co. v. Robison*, 128 Ohio St. 626, 193 N.E. 401 (1934), paragraph six of the syllabus. Indeed, the Ohio Supreme Court has indicated that granting of summary judgment "should be encouraged in proper cases." *North v. Pennsylvania RR. Co.*, 9 Ohio St.2d 169, 171, 224 N.E.2d 757 (1967).

{¶ 15} The record reveals that appellee met its initial burden to demonstrate the absence of a genuine issue of material fact. According to the plain language of Civ.R. 56, because appellee met its initial burden, and appellant submitted no materials setting forth specific facts to demonstrate the existence of a genuine issue

of material fact, the trial court was required to grant summary judgment in favor of appellee.

{¶ 16} Appellant contends that he should have been given more time to respond to the motion for summary judgment or to file a cross-motion for summary judgment.

{¶ 17} Civ.R. 6(C)(1) provides that "[r]esponses to motions for summary judgment may be served within twenty-eight days after service of the motion." On March 9, 2020, the trial court gave appellant 30 days to respond to appellee's motion for summary judgment. Appellant never filed a motion asking for additional time to respond. Given the record before this court, there are no grounds for concluding that the court infringed appellant's due process rights by denying him the opportunity to respond to the appellee's motion for summary judgment.

{¶ 18} The sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR