[Cite as *Marshall v. Franklin Cty. Treasurer*, 2022-Ohio-2880.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stephanie Marshall, | : | |
| Plaintiff-Appellant. | : | No. 22AP-45 |
| | | (M.C. No. 2021CVI-30330) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Franklin County Treasurer, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 18, 2022

**On brief:** *Stephanie Marshall*, pro se. **Argued:** *Stephanie Marshall.*

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *William J. Stehle*, for appellee. **Argued:** *William J. Stehle.*

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Plaintiff-appellant, Stephanie Marshall, appeals pro se from a decision of the Franklin County Municipal Court granting summary judgment in favor of defendant-appellee, Franklin County Treasurer ("Treasurer"), on Marshall's small claims complaint. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This case involves the Treasurer's issuance of notices related to the property located at 101 Meek Avenue, Columbus, Ohio ("the Property"). Accordingly, we find it useful to briefly review the recent transfer history of the Property based on the record before us. On March 10, 2017, ACM Vision V, LLC, issued a quitclaim deed conveying the Property

to Marshall and James Hinkle. That quitclaim deed was recorded on March 20, 2017. On March 31, 2017, Marshall issued a quitclaim deed conveying her interest in the Property to Hinkle; the quitclaim deed was recorded the same day. On January 21, 2020, Hinkle signed a Real Property Conveyance Fee Statement of Value and Receipt asserting that he conveyed the Property to Marshall. Hinkle signed a notarized statement on January 21, 2020, attesting that he sold the Property to Marshall for $1. Marshall also signed a notarized statement on January 21, 2020, attesting that she purchased the Property from Marshall for $1. The record before us does not contain a deed conveying the Property from Hinkle to Marshall; however, the Treasurer presented an affidavit from an employee of the Franklin County Auditor's Office attesting to the following:

> While he has no actual recollection of this particular situation he is familiar with the standard process for handling the DTE Form 100, Real Property Conveyance Fee Statement of Value and Receipt. The process requires that said form be accompanied by an executed deed conveying the real property from the Grantor/Seller to the Grantee/Buyer. After processing the deed, it would be stamped "Transferred" and returned to the person filing it. In his opinion, the Franklin County Auditor's Office would not accept a DTE Form without review and examination of the deed transferring the property from the Seller to the Buyer because the information on the DTE Form is collected from the deed.

(Steven Kosbab Aff. at ¶ 2.) Notably, Marshall does not deny that there was a deed conveying the Property to her; rather, she claims she elected not to mail the necessary documents and fees to the Franklin County Recorder's Office to have the transaction recorded. Marshall asserts she believed there would be no transfer of the Property unless the conveyance was recorded.

{¶ 3} In September 2021, the Treasurer sent notices to Marshall indicating the Property had been selected for a tax-lien certificate sale because there were delinquent real property taxes owed. After receiving the notices, Marshall filed a complaint in the Franklin County Municipal Court, Small Claims Division, asserting the following claim against the Treasurer:

> The Franklin County Treasurer's office is trying to get me to pay the taxes on someone else's property. So for the hassle, my time, and the duress placed upon me to go to court I am suing

for $1,000.00 and to have my name taken off as a responsible party.

(Oct. 18, 2021 Compl.) Marshall's complaint was accompanied by copies of the tax-lien certificate sale notices issued by the Treasurer.

{¶ 4} On November 29, 2021, the Treasurer moved for summary judgment, asserting Marshall owned the Property and claiming immunity from tort liability under R.C. Chapter 2744 because sending the notices was a government function. Marshall did not file a response to the motion for summary judgment. On December 9, 2021, a magistrate of the municipal court issued an order scheduling a trial for January 27, 2022, and a notice was issued advising Marshall of the scheduled trial date. On January 4, 2022, the magistrate entered a decision granting the Treasurer's motion for summary judgment and dismissing the complaint. Marshall did not file objections to the magistrate's decision. The trial court entered a judgment adopting the magistrate's decision and dismissing the complaint with prejudice. Marshall timely appealed.

## II. ASSIGNMENT OF ERROR

{¶ 5} Marshall assigns the following as trial court error:

The assignment of error would fall onto the courts as I was unaware that a response was needed from me when I received the NOTICE OF COURT APPEARANCE. Ex. A

## III. STANDARD OF REVIEW

{¶ 6} "Appellate review of a trial court's ruling on a motion for summary judgment is de novo." *You v. Northeast Ohio Med. Univ.*, 10th Dist. No. 19AP-733, 2020-Ohio-4661, ¶ 12. In this case, Marshall did not file objections to the magistrate's decision granting summary judgment in favor of the Treasurer, and the trial court adopted the magistrate's decision. "An appellant's failure to object to a magistrate's decision waives all but plain error review on appeal." *Rhea v. Rhea*, 10th Dist. No. 16AP-609, 2017-Ohio-4141, ¶ 10.

## IV. LEGAL ANALYSIS

{¶ 7} In her sole assignment of error, Marshall claims the trial court erred by failing to notify her that a response to the Treasurer's motion for summary judgment was necessary. At oral argument, Marshall asserted she believed the motion for summary judgment would be addressed at the trial that was scheduled for January 27, 2022. Thus, it appears Marshall argues in effect that the trial court erred by ruling on the summary

judgment motion before the scheduled trial date without notifying her that a decision could be issued prior to trial.

{¶ 8} Under Civ.R. 56(C), responsive arguments to a motion for summary judgment "may be served as provided by Civ.R. 6(C)." Civ.R. 6(C)(1) provides that "[r]esponses to motions for summary judgment may be served within twenty-eight days after service of the motion." The Treasurer moved for summary judgment on November 29, 2021. Accordingly, pursuant to Civ.R. 6(C)(1), Marshall then had twenty-eight days to file a response to the motion. Marshall did not file any response to the motion for summary judgment and did not request an extension of time to file a response.

{¶ 9} We previously have held that a trial court does not err by ruling on a motion for summary judgment after the time for a response has passed. *See Bernard v. Wodarcyk*, 10th Dist. No. 18AP-628, 2019-Ohio-4144, ¶ 11 ("The trial court ruled on the motion after the time expired for appellant's response and thus, did not err by ruling on the motion for summary judgment."); *Nationstar Mtge., LLC v. Payne*, 10th Dist. No. 16AP-185, 2017-Ohio-513, ¶ 12-14.[1] In this case, Marshall failed to file a response to the motion for summary judgment within the time provided under the Rules of Civil Procedure. The magistrate issued a decision granting the motion for summary judgment on January 4, 2022, more than 30 days after the motion was filed, and the trial court adopted the magistrate's decision on January 10, 2022. Under these circumstances, the trial court did not err by ruling on the motion for summary judgment before the scheduled trial date. *See McClendon v. Cuyahoga Cty. Sheriff Office*, 8th Dist. No. 110863, 2022-Ohio-1589, ¶ 17 (holding trial court did not infringe appellant's due process rights because it gave him 30 days to respond to a motion for summary judgment and appellant did not seek additional time to respond).

{¶ 10} By rule, Marshall had 28 days to respond to the Treasurer's motion for summary judgment. When she failed to file a response within that time or seek an extension of time to respond, the trial court was not required to notify her that it intended to rule on the motion for summary judgment. We note that Marshall was pro se at trial,

---

[1] *Bernard* and *Payne* were decided under an earlier version of Civ.R. 56(C), which provided a "fallback time" of 28 days for a response to a motion for summary judgment but also authorized the response time to be changed by local rule. 2015 Staff Note, Civ.R. 56. Civ.R. 56(C) was subsequently amended to provide a uniform statewide 28-day deadline for service of a response to a motion for summary judgment. *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 19, fn. 2.

but " 'with respect to procedural rules, pro se litigants are to be held to the same standards as members of the bar.' " *State v. Pryor*, 10th Dist. No. 07AP-90, 2007-Ohio-4275, ¶ 9, quoting *Asset Acceptance, LLC v. Evans*, 10th Dist. No. 04AP-36, 2004-Ohio-3382, ¶ 9. *See also Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 17 ("Because a trial court would not explain procedural rules to a lawyer, it does not err by failing to explain them to a pro se litigant."). Therefore, the trial court was not required to give Marshall any greater notice than a represented party would have been entitled to under the Rules of Civil Procedure.

{¶ 11} Under the circumstances in this case, the trial court did not err by granting the motion for summary judgment before the scheduled trial date without notifying Marshall that a decision would be issued. Accordingly, we overrule Marshall's sole assignment of error.

**V. CONCLUSION**

{¶ 12} For the foregoing reasons, we overrule Marshall's sole assignment of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and KLATT, J., concur.

————————————