DECISION
{¶ 1} Relator, Keith Simonsen, filed this original action, which requests that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to respond to his public records request.
 {¶ 2} We referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, *Page 2 
including findings of fact and conclusions of law, recommending that this court deny the requested writ because ODRC has complied with relator's request. (Attached as Appendix A.) Relator filed objections to the magistrate's decision; ODRC has not responded.
 {¶ 3} Relator brought this action under R.C. 149.43, Ohio's Public Records Act, which requires government agencies to respond to requests for public records. The Act contains its own mandamus remedy for an agency's non-compliance. See R.C. 149.43(C)(1). Therefore, if an agency does not comply with the Act, a party need not show that it lacks an adequate remedy at law, otherwise a prerequisite for a successful mandamus action. State ex rel. Findlay Publishing Co. v. Schroeder,76 Ohio St.3d 580, 582, 1996-Ohio-360. After considering the facts and circumstances, the decision to issue a writ lies in the sound judicial discretion of the appellate court. State ex rel. Pressley v. Indus.Comm. (1967), 11 Ohio St.2d 141, 143, paragraph seven of the syllabus.
 {¶ 4} The Act requires a public office to "make copies of the requested public record available at cost and within a reasonable period of time." R.C. 149.43(B)(1). Relator made his first request to ODRC in August 2007 and, when ODRC did not respond, at least one more request, in November 2007. Having still received no response from ODRC, relator filed this action on January 9, 2008. Relator's complaint alleged that ODRC had failed to respond to his request for a copy of the "Westlaw Correctional Facilities" contract and any documents relating to the negotiation of the contract. As relief, relator sought an order requiring ODRC to respond, an award of statutory damages and court costs, and any further just and proper relief. *Page 3 
 {¶ 5} In its February 8, 2008 answer, ODRC admitted that relator sent public records requests to ODRC in August and November 2007, but denied that it had failed to respond. In a letter dated February 11, 2008, ODRC responded to relator's request. Enclosed with the letter were "copies of the invitation for proposals, relevant portions of West's response, requests to purchase, purchase orders, correspondence, and the subscription agreement and amendment." ODRC provided the records without charge.
 {¶ 6} On February 20, 2008, ODRC moved to dismiss relator's action. ODRC attached to its motion a copy of the February 11, 2008 cover letter. Within the body of its motion, ODRC stated that it had given relator all records responsive to his request. Therefore, according to ODRC, relator's action is moot and should be dismissed. Relator responded, arguing that ODRC's motion to dismiss was improper because it relied on evidence outside the pleadings and was not supported by an affidavit.
 {¶ 7} On February 25, 2008, the magistrate issued an order that converted ODRC's motion to dismiss to a motion for summary judgment. That same day, the magistrate issued a notice of summary judgment hearing. The notice stated that the magistrate would hear the motion for summary judgment on March 5, 2008, and she would do so on the evidence and filings contained within the record and upon written briefs filed with the court on or before March 5.
 {¶ 8} On March 3, 2008, relator filed an affidavit, along with a copy of every document ODRC sent to relator in response to his request. He filed the documents pursuant to Loc.R. 12(G) of the Tenth District Court of Appeals of Franklin County, which provides that, absent a stipulated record, "each party shall file with the Court *Page 4 
legible certified copies of evidentiary materials the party feels relevant to the issues before the Court."
 {¶ 9} As we noted previously, the magistrate granted ODRC's motion, concluding that relator's action is moot because ODRC responded to his request. The magistrate recommends that we grant summary judgment to ODRC and deny relator's request for a writ.
 {¶ 10} In his objections, relator takes issue with the magistrate's finding of fact No. 6, in which the magistrate states that she converted ODRC's motion to dismiss to a motion for summary judgment "and notices were sent." Relator contends that the magistrate converted ODRC's motion improperly and that the magistrate's notice of the conversion was untimely.
 {¶ 11} We agree with relator that the magistrate did not give adequate notice of the conversion to summary judgment. "Under Civ.R. 12(B) and 56(C), a court must notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment." State ex rel.Nelson v. Russo, 89 Ohio St.3d 227, 228, 2000-Ohio-141, citingPetrey v. Simon (1983), 4 Ohio St.3d 154, paragraphs one and two of the syllabus. Therefore, the magistrate erred in notifying the parties only nine days prior to the hearing.
 {¶ 12} Nevertheless, this notice error was harmless. Relator had time to file, and did file, responsive evidence for the magistrate's consideration. He also had responded to ODRC's motion to dismiss. Having found no prejudice from the magistrate's error, we find that it was harmless. See Nicely v. Kline, Franklin App. No. 05AP-825,2006-Ohio-951, ¶ 22. *Page 5 
 {¶ 13} We also note that a court may take judicial notice of mootness without converting a dismissal motion to a motion for summary judgment. See State ex rel. Nelson, and cases cited therein. See, also, Pewitt v.Lorain Corr. Inst., 64 Ohio St.3d 470, 472, 1992-Ohio-91 ("an event that causes a case to become moot may be proved by extrinsic evidence outside the record"). Here, however, judicial notice would not have been proper. Courts may take judicial notice of certain relevant facts, regardless of whether the parties request it. Evid.R. 201(C). However, a judicially noticed fact must be one not subject to reasonable dispute because it is either (1) generally known within the court's jurisdiction or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably] be questioned." Evid.R. 201(B). The adequacy of ODRC's response to relator's public records request meets neither of these criteria. Therefore, it would not have been proper for the magistrate to simply take judicial notice of this "fact."
 {¶ 14} Nor was summary judgment proper under these circumstances. Relator correctly states that ODRC failed to comply with Civ.R. 56 when it attached to its motion an unauthenticated copy of the letter sent to relator and failed to submit an authenticated copy of the responsive records. See Civ.R. 56(C) and (E). However, relator submitted a copy of the ODRC cover letter and the records, along with his own affidavit certifying that the attached records constituted true and accurate copies of everything ODRC sent to him in response to his request. Therefore, these documents were properly authenticated for purposes of Civ.R. 56.
{¶ l5} However, as relator asserts, the record contains no admissible evidence that ODRC complied fully with relator's request. In its motion, ODRC stated that relator *Page 6 
had received "copies of all documents relevant to [ODRC's] acquisition of the Thomson/West Westlaw Correctional Facilities service. A single contract document does not exist. Further, no documents relating to negotiations or specifically addressing Belmont Correctional Institution exist." ODRC did not submit an affidavit attesting to the truth of this assertion, as Civ.R. 56 requires. Cf. State ex rel. Ohio Patrolmen'sBenevolent Assn. v. Lucas Cty. Sheriff's Office, Lucas App. No. L-06-1108, 2007-Ohio-101, ¶ 7 (where public office indicated in filing with appellate court that it would provide records responsive to public records request, court found that the statement was not admissible evidence and ordered the public office to submit an affidavit averring that all responsive documents within their possession have been provided). Without admissible evidence that ODRC complied fully with relator's request, summary judgment was improper. Therefore, we sustain relator's objections.
 {¶ 16} Additionally, our independent review of the record reveals another reason this action is not moot. In his complaint, relator sought an award of statutory damages and court costs, which R.C. 149.43(C)(1) allows under certain circumstances. ODRC's motion did not address this issue, nor did the magistrate consider it. Therefore, it remains unresolved.
{¶ l7} Having concluded that ODRC did not meet its burden of proving that summary judgment is proper, and finding that the action is not moot, we decline to adopt the magistrate's decision. Instead, we remand this matter to the magistrate for further proceedings in accordance with this decision and applicable law.
Objections sustained; action remanded with instructions.
McGRATH, P.J., and BROWN, J., concur.
 APPENDIX A MAGISTRATE`S DECISION IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 18} Relator, Keith Simonsen, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to respond to his public records request. *Page 8 
Findings of Fact: {¶ l9} 1. Relator is an inmate currently incarcerated at Grafton Correctional Institution.
 {¶ 20} 2. In August 2007, relator made a public records request seeking:
 * * * [A] copy of a contract made between the Ohio Department of Rehabilitation and Correction and Thomson/West Company for a service called "Westlaw Correctional Facilities" which facilitates access to Westlaw published materials for ODRC prison law libraries. I am also requesting copies of any notes, correspondence (electronic or otherwise), memoranda, or any other record that pertains to the negotiation of the above-referenced contract. I am also requesting any contractual related records that pertain to a specific correctional institution: Belmont Correctional Institution.
 {¶ 21} 3. Because he did not receive a reply, relator filed other public records request seeking the same documents.
 {¶ 22} 4. On January 9, 2008, relator filed the instant mandamus action in this court seeking to compel ODRC to respond to his public records requests.
 {¶ 23} 5. On February 20, 2008, ODRC filed a motion to dismiss relator's complaint as moot on grounds that ODRC had now responded to relator's public records requests.
 {¶ 24} 6. Because ODRC attached documents which were outside the record, the magistrate converted the motion to dismiss to one for summary judgment and notices were sent.
 {¶ 25} 7. Relator submitted evidence documenting the items he received from ODRC. That evidence consists of 106 pages which ODRC sent relator in response to his public records requests. *Page 9 
 {¶ 26} 8. The matter is currently before the magistrate on ODRC's motion for summary judgment.
Conclusions of Law: {¶ 27} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 28} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 29} As noted in the findings of fact, ODRC has responded to relator's public records requests and has forwarded 106 pages of relevant documents to relator which were in ODRC's possession. Because the act which relator seeks to compel ODRC to perform has been completed, there is no relief which can be granted to relator and ODRC's motion for summary judgment should be granted. *Page 10 
 {¶ 30} Based on the foregoing, it is this magistrate's conclusion that this court should deny relator's request for a writ of mandamus because the act which he sought to compel has been performed. As such, ODRC's motion for summary judgment should be granted.
 NOTICE TO THE PARTIES Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). *Page 1