[Cite as *State ex rel. McNew v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-141.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael A. McNew, | : | |
| Relator, | : | |
| | | No. 23AP-63 |
| v. | : | |
| Ohio Department of Rehabilitation | | (REGULAR CALENDAR) |
| and Correction, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on January 16, 2024

**On brief:** *Michael A. McNew*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

BOGGS, J.

{¶ 1} Relator, Michael A. McNew, filed this original action for a writ of mandamus on January 27, 2023. McNew requests a writ ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to provide him with a copy of a Risk Assessment Report ("report") and any other relevant documents regarding McNew that ODRC possesses and does not consider confidential. McNew also requests that this court award him the costs of this action as damages, pursuant to R.C. 2731.11.

{¶ 2} On March 28, 2023, ODRC filed a motion to dismiss this action pursuant to Civ.R. 12(B)(1) and (6). In its motion, ODRC states that it has provided McNew with a copy of the report he seeks, and it argues that the underlying dispute is therefore moot, and that mandamus cannot be used to compel a vain act. (Respondent's Mot. to Dismiss at 5, 8.) ODRC attached to its motion an unauthenticated document that purports to be a signed

acknowledgment by McNew that he received a copy of his "SB 260 evaluation" on March 7, 2023, more than a month after he commenced this action. (Respondent's Mot. to Dismiss, Ex. A.) McNew filed a memorandum in opposition to ODRC's motion to dismiss. While neither conceding nor disputing that he has received a copy of the report he seeks by mandamus, McNew argued that the court's consideration of ODRC's motion to dismiss is limited to the allegations contained in the complaint itself and that the court may not consider the document attached to ODRC's motion.

{¶ 3} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which appended is hereto. The magistrate recommends that this court grant ODRC's motion to dismiss, stating, "because ODRC has now performed the act that relator sought to compel, i.e., providing relator the requested report, the matter is moot and mandamus will not lie." (July 6, 2023 Mag.'s Decision at 3.)

{¶ 4} McNew has filed objections to the magistrate's decision, pursuant to Civ.R. 53(D)(3)(b). McNew identifies three objections to the magistrate's decision. First, he argues that the magistrate erroneously relied on matters outside the complaint to decide ODRC's motion to dismiss. Second, McNew argues that the magistrate failed to address McNew's argument that this matter is not moot, even if ODRC has produced the requested report, because the complaint raises issues capable of repetition yet evading review. Finally, in his third objection, McNew argues that the magistrate failed to rule on his request for an award of court costs as damages pursuant to R.C. 2731.11.

{¶ 5} Because relator has filed objections to the magistrate's decision, we must independently review the record and the magistrate's decision to determine whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 6} In his first objection, McNew objects to the magistrate's reliance on matters outside the face of his complaint—particularly the unauthenticated exhibit attached to ODRC's motion to dismiss—to determine that McNew's claim for a writ of mandamus was moot.

{¶ 7} The magistrate correctly noted the standard for reviewing a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. "In order

for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975). The court must presume the truth of all factual allegations in the complaint and draw reasonable inferences in favor of the non-moving party. *Id.* Further, when considering a Civ.R. 12(B)(6) motion to dismiss, a court may generally not rely on allegations or evidence outside the complaint. *Id.*

{¶ 8} Civ.R. 12(B) instructs courts how to proceed when a Civ.R. 12(B)(6) motion to dismiss relies on matters outside the complaint:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Thus, in previous cases in which a respondent has moved to dismiss an original action as moot, based on the respondent having supplied the relator with requested records, this court has converted the motions to dismiss to motions for summary judgment. *See, e.g.*, *State ex rel. McCarley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-337, 2022-Ohio-3397, ¶ 18; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-21, 2008-Ohio-3174.

{¶ 9} As an exception to the general rule precluding consideration of material outside the complaint itself, a court may "take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment." *State ex rel. Hatfield v. Jenifer*, 10th Dist. No. 20AP-97, 2022-Ohio-23, ¶ 27 citing *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580 (1996). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). For example, in *State ex rel. Womack v. Marsh*, 128 Ohio

St.3d 303, 2011-Ohio-229, in which relator sought a writ of mandamus to order the respondent judge to rule on pending motions for resentencing, the court of appeals was entitled to take judicial notice of a judgment entry in which the respondent decided those motions, to conclude that the mandamus action was moot. *Id.* at ¶ 8. And in *State ex rel. Ohio Republican Party v. FitzGerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, the court took judicial notice of information published on respondent Cuyahoga County's governmental website—specifically the county's announcements that its executive's office had moved to a new building and that a new county executive had replaced respondent Edward FitzGerald. *Id.* at ¶ 18. The Supreme Court of Ohio reasoned that the relator's request for judicial notice was unopposed, and the county respondent had posted the information on its own website. *Id.*

{¶ 10} In our independent review of the magistrate's decision here, we conclude that, unlike in *Womack* and *Ohio Republican Party,* we may not take judicial notice of the fact, suggested by ODRC, that it has provided McNew with a copy of the report he seeks. This case is more akin to *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-21, 2008-Ohio-3174, in which an inmate relator sought a writ of mandamus ordering ODRC to answer his request for public records. ODRC filed a motion to dismiss, in which it stated that it had given the relator all documents responsive to his public records request. ODRC attached to its motion a cover letter that purportedly accompanied its production of the records. Even after the assigned magistrate converted ODRC's motion to dismiss to a motion for summary judgment, we held that judicial notice of ODRC's purported compliance with relator's public-records request would not be proper, because "[t]he adequacy of ODRC's response to relator's public records request meets neither of" the criteria set out in Evid.R. 201(B). *Id.* at ¶ 13.

{¶ 11} Here, ODRC attached to its motion to dismiss an unauthenticated copy of a document that purports to demonstrate McNew's receipt of the report he seeks through his claim in mandamus. As in *Simonsen*, however, ODRC's response does not present a "fact" of which this court may take judicial notice under Evid.R. 201(B). The purported fact that ODRC has supplied McNew with a copy of the report he seeks is neither "generally known within the [court's] jurisdiction" nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). The

document attached to ODRC's motion to dismiss is not attached to an affidavit authenticating it or explaining that the "SB 260 evaluation" referred to in the document is the same as the "Risk Assessment Report" that McNew seeks in his claim for mandamus. *See State ex rel. Banker's Choice, LLC v. Cincinnati*, 1st Dist. No. C-200017, 2020-Ohio-6864, ¶ 12 (court could not take judicial notice of facts in public records and a newspaper article that were not authenticated).

{¶ 12} Because ODRC's motion to dismiss was based entirely on information outside the complaint, of which this court may not take judicial notice, we sustain McNew's first objection to the magistrate's decision. ODRC's motion must be converted to a motion for summary judgment, pursuant to Civ.R. 12(B), and disposed of as provided in Civ.R. 56, after all parties are given a reasonable opportunity to present materials made pertinent to such a motion by Civ.R. 56. We therefore remand this matter to the magistrate to issue an order converting the motion to one for summary judgment, to establish a schedule for briefing and the submission of summary judgment evidence, and to issue a new decision addressing the motion under the standards set out in Civ.R. 56.

{¶ 13} In light of our ruling on McNew's first objection to the magistrate's decision, his second objection—that the magistrate erred by not addressing his argument that his mandamus claim is not moot because it presents an issue that is capable of repetition, yet evading review–and his third objection—that the magistrate erroneously failed to rule on his demand for damages pursuant to R.C. 2731.11—are moot. We therefore overrule those objections.

> *Objections sustained in part and overruled as moot in part; matter remanded to magistrate for further proceedings.*

LUPER SCHUSTER and LELAND, JJ., concur.

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Michael A. McNew,          :

            Relator,                          :

v.                                       :                    No.  23AP-63

Ohio Department of Rehabilitation        :                 (REGULAR CALENDAR)
and Correction,
                                         :
            Respondent.
                                         :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 6, 2023

---

*Michael A. McNew,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 14} Relator, Michael A. McNew, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to provide relator with a copy of the Risk Assessment Report ("report") regarding relator and any other relevant documents ODRC possesses regarding relator that ODRC does not consider to be confidential.

Findings of Fact:

{¶ 15} 1.  Relator is a prisoner incarcerated at Madison Correctional Institution.

{¶ 16} 2. ODRC is a public office responsible for, among other things, operating the Ohio prison system.

{¶ 17} 3. Relator filed his petition for writ of mandamus with this court on January 27, 2023.

{¶ 18} 4. In the petition, relator alleges that he is serving a prison term of 15 years to life for a conviction under R.C. 2907.02(A)(1)(b), and he became parole eligible in August 2022. He alleges that ODRC is required to produce the report pursuant to R.C. 5120.61, and it did produce the report prior to his parole eligibility in August 2022, but it failed to provide him a copy of the report pursuant to R.C. 5120.61(A)(4)(d), as well as any other relevant, non-confidential documents pursuant to R.C. 5120.61(B). Relator seeks a writ of mandamus ordering ODRC to provide him with a copy of the report and any other relevant, non-confidential documents.

{¶ 19} 5. On March 7, 2023, ODRC provided relator with a copy of the report.

{¶ 20} 6. On March 28, 2023, ODRC filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (6).

{¶ 21} 7. On April 20, 2023, relator filed a memorandum in opposition and a motion to file instanter, which is granted.


Conclusions of Law:

{¶ 22} For the reasons that follow, it is this magistrate's decision that this court grant ODRC's motion to dismiss.

{¶ 23} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 24} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the

rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

{¶ 25} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC* at ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 26} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R.201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 27} Mandamus may not be used to compel the performance of a duty that has already been performed. *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72 (1990), citing *State ex rel. Breaux v. Court of Common Pleas*, 50 Ohio St. 2d 164 (1977).

{¶ 28} In the present matter, because ODRC has now performed the act that relator sought to compel, i.e., providing relator the requested report, the matter is moot and mandamus will not lie.

{¶ 29} Accordingly, the magistrate recommends that this court grant relator's motion to file instanter his memorandum in opposition, and grant ODRC's motion to dismiss relator's petition for a writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.