[Cite as *Huntington Bank, N.A. v. Honore*, 2023-Ohio-4524.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Huntington Bank, NA, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-384 |
| v. | : | (M.C. No. 2023 CVF 009877) |
| Stephanie Honore, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 12, 2023

**On brief:** *Weltman, Weinberg & Reis, Co., L.P.A.*, and *Roy J. Schechter*, for appellee.

**On brief:** *Stephanie Honore*, pro se.

APPEAL from the Franklin County Municipal Court

BOGGS, J.

{¶ 1} Defendant-appellant, Stephanie Honore, appeals the Franklin County Municipal Court's entry of summary judgment in favor of plaintiff-appellee, Huntington Bank, NA ("Huntington"). For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

{¶ 2} On March 20, 2023, Huntington filed a complaint against Honore for defaulting on payment of a credit card. On May 26, 2023, Huntington filed a motion for summary judgment. On June 6, 2023, the trial court granted the motion for summary judgment against Honore in the amount of $3,969.76. On June 29, 2023 Honore appealed, asserting a single assignment of error that the municipal court erred in its decision to grant Huntington's motion for summary judgment.

{¶ 3} Honore argues that the trial court erred by granting Huntington's motion for summary judgment before the time prescribed by Civ.R. 6 for her response had elapsed.

Huntington concedes that the trial court erred in that regard.  We note that Civ.R. 6(C)(1) states:

> Responses to motions for summary judgment may be served within twenty-eight days after service of the motion.

{¶ 4}   Granting a motion for summary judgment before a party's response time has expired is reversible error.  *Green Tree Servicing LLC v. Graul,* 10th Dist. No. 15AP-761, 2016-Ohio-4641, ¶ 11, citing *Union Sav. Bank v. Schaefer*, 10th Dist. No. 13AP-222, 2013-Ohio-5704, ¶ 18-20.  " '[A] trial court must afford a non-moving party time for a full and fair response before ruling on a motion for summary judgment,' " and failure to do so implicates the non-moving party's rights to procedural due process. *Id.*, quoting *Schaefer* at ¶ 18.  Here the trial court erred when it granted the motion for summary judgment only 12 days after it was filed and did not allow for the period of time for Honore to respond as required under Civ.R. 6(C)(1).

{¶ 5}   For these reasons, Honore's sole assignment of error is sustained. We accordingly reverse the judgment of the Franklin County Municipal Court and remand this matter for further proceedings.

*Judgment reversed;*
*and cause remanded.*

LUPER SCHUSTER and LELAND, JJ., concur.

––––––––––––––