[Cite as *In re Estate of Beatley v. Fisher*, 2024-Ohio-5109.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In re: Estate of Brad Jeffrey Beatley,  :

Jack K. Beatley,  :

      Plaintiff-Appellant,  :      No. 23AP-602
                (Prob. No. 601909A)

v.  :

           (REGULAR CALENDAR)

Shawn L. Fisher,  :

      Defendant-Appellee.  :

---

D E C I S I O N

Rendered on October 24, 2024

---

**On brief:** *Kevin E. Humphreys*, for appellant.

**On brief:** *The Law Office of Wright & Associates, LLC, Benjamin W. Wright*, and *Melissa A. Schumacher*, for appellee. **Argued:** *Melissa A. Schumacher*.

---

APPEAL from the Franklin County Court of Common Pleas
Probate Division

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Jack K. Beatley, appeals from the judgment entry of the Franklin County Court of Common Pleas, Probate Division, adopting a magistrate's decision granting summary judgment in favor of defendant-appellee, Shawn L. Fisher, on an action for concealment of estate assets. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} Brad J. Beatley died intestate; his siblings, appellant and Kelly Kurth-Beatley, are his heirs and next of kin. On September 8, 2020, appellant filed an action for concealment of assets pursuant to R.C. 2109.50 through 2109.56 against appellee, Brad's

domestic partner. The purpose of the concealment action is to identify and preserve Brad's alleged interest in a business, "PBJ Holdings, LTD" ("PBJ Holdings"), which holds title to real property in Miami Beach, Florida (hereinafter, "Florida property"). (Compl., Ex. 6.) As a part of the complaint, appellant requested the probate court follow the statutory procedure pursuant to R.C. 2109.50 and sought a restraining order and injunction to prevent a sale of the property.

{¶ 3} Appellant attached several documents to his verified complaint, including: a May 2012 warranty deed showing a third party conveyed the Florida property to Brad; Articles of Organization of the Ohio Secretary of State filed in June 2012 identifying "PBJ Holdings" as a for-profit Limited Liability Company ("LLC") with appellee signing as an individual "member, manager or other representative" to appoint himself as the statutory agent; an Ohio Secretary of State Certificate confirming Articles of Incorporation were filed and recorded for "PBJ Holdings"; a June 2012 quit-claim deed transferring ownership of the Florida property from Brad to "PBJ Holdings, LTD, an Ohio Limited Partnership"; a 2018 financial statement for Brad stating the Florida property as a personal asset valued at $450,000; an insurance invoice for the Florida property from May 2013 addressed to Brad; property tax installment invoices from 2013 and 2018 stating the address for "PBJ Holdings" as 91 Winner Avenue, which previous exhibits linked to Brad; and a May 2020 letter from appellee's attorney stating, in part, that no operating agreement exists for "PBJ Holdings." (Compl., Exs. 3, 5, 6, 7, 8, 10, 15.)

{¶ 4} On October 5, 2020, appellant filed a motion for preliminary injunction to preserve the status quo and prevent the Florida property from being conveyed while the concealment action proceeded. In arguing why an injunction was necessary, appellant argued that "despite the mischaracterization of PBJ Holdings, LTD as an Ohio limited partnership, instead of an Ohio limited liability company, the deed would appear to be effective to PBJ Holdings, LTD an Ohio limited liability company." (Oct. 5, 2020 Memo in Support of Mot. for Preliminary Injunction at 3.) Appellant asserted that Brad's transfer of the Florida property to that LLC constituted his capital contribution in support of his membership interest. The parties agreed to, and the probate court granted, the temporary restraining order and injunction.

{¶ 5}  Appellee filed an answer and motion to dismiss on April 16, 2021.  In the motion to dismiss, appellee stated that Brad's former co-worker, Scott Voelkel, discovered an Operating Agreement for PBJ Holdings, and that agreement shows appellee is the sole owner of the business.  As a result, appellee argued the Operating Agreement demonstrates the asset alleged to be concealed is not a probate asset.  Appellee attached a copy of the Operating Agreement to the motion to dismiss but did so without an accompanying affidavit.  He asked the probate court to promptly schedule a hearing on authority of R.C. 2109.50 to resolve the question of title, particularly in light of a pending purchase contract on the Florida property.

{¶ 6}  Appellant filed a memorandum contra the motion to dismiss on May 7, 2021. He argued the probate court had jurisdiction to resolve the claim, that in general evidentiary quality material accompanied his verified complaint, and that the court could not consider the unauthenticated Operating Agreement in resolving the motion to dismiss. Appellant contended the Operating Agreement "does not create an evidentiary basis to warrant an evidentiary hearing," but if a hearing was set, appellant requested a scheduling conference to address "necessary discovery" such as "expert review and examination" of the Operating Agreement.  (Memo Contra at 8.)  Appellee filed a reply on May 12, 2021 again requesting the probate court hold a hearing pursuant to R.C. 2109.52 to determine the matter.

{¶ 7}  Approximately one year later, in May 2022, the probate court requested appellant submit a status letter.  In his status letter, appellant stated the parties had been unable to resolve the matter and requested a conference to set a schedule for discovery and trial.

{¶ 8}  On March 28, 2023, the probate court magistrate converted appellee's motion to dismiss into a motion for summary judgment pursuant to Civ.R. 12(B) based on the "unauthenticated * * * operating agreement" attached to the motion.  (Mag.'s Order at 2.)  The order states "[a]ll parties shall have until **April 28, 2023**, to file memoranda and pertinent materials in support or opposition to the motion for summary judgment." (Emphasis sic.) (Mag.'s Order at 2.)  The magistrate notified the parties that, as an order issued under Civ.R. 53(D)(2)(a), any objection to the order must comply with Civ.R. 53(D)(2)(b).

**{¶ 9}** Appellant did not object to the magistrate's order. On April 13, 2023, appellant filed a "motion for time to permit discovery for summary judgment purposes." (Mot. at 1.) Appellant requested 45 days to conduct discovery and acquire evidence to oppose the motion for summary judgment and challenge the Operating Agreement. The motion does not mention Civ.R. 56(F) or include an attached affidavit to explain why additional discovery is warranted. Appellee disagreed that additional time for discovery was necessary, arguing appellant had two and one-half years to conduct discovery on this issue, and that the delay continued to restrain appellee from completing a sale of the property to a third party.

**{¶ 10}** By the end of April 28, 2023, the deadline set by the magistrate, appellant had not filed a memorandum in opposition to appellee's motion for summary judgment. On that same date, appellee submitted a supplemental memorandum to his motion for summary judgment. Appellee attached to the supplemental memorandum his own affidavit and one from Voelkel as well as documents already in the record, namely the Operating Agreement and the Ohio Secretary of State documents.

**{¶ 11}** On May 2, 2023, appellant filed a document entitled, "Reply in Support of Motion for Time to Permit Discovery for Summary Judgment Purposes." (Reply at 1.) Within it, appellant argued he should have time under Civ.R. 56 to obtain "rebuttal discovery" with respect to the affidavits and oppose the motion for summary judgment. (Reply at 1.)

**{¶ 12}** On May 15, 2023, the probate court magistrate issued a decision on appellee's motion for summary judgment, appellant's April 13, 2023 motion for more time, and "all related filings filed after the [motion for summary judgment]." (Mag.'s Decision at 1.) The magistrate determined the parties did not contest that Brad transferred ownership of the Florida property to PBJ Holdings when he executed a quit claim deed in June 2012 and that the Operating Agreement, supported by Voelkel's affidavit as a disinterested third party, showed that appellee is the sole owner of PBJ Holdings. The magistrate noted that appellant's explanation as to why Brad transferred the Florida property to PBJ Holdings— to avoid creditors—supported the conclusion that appellee, through PBJ Holdings, holds the title to the Florida property. Therefore, the magistrate found no genuine issue of material fact exists concerning appellee's ownership of PBJ Holdings and, by extension,

title to the Florida property. As a result, the magistrate found the concealment action failed under R.C. 2109.50 through 2109.56, determined appellee's motion for summary judgment should be granted, and dismissed all pending motions as moot.

{¶ 13} Appellant filed five objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b), including challenging: (1) the probate court's rejection of a Motion to Set a Status Conference that appellant contended he submitted for filing on April 28, 2023, (2) the procedure of disposing of the case by summary judgment without affording appellant an opportunity to respond to appellee's supplement to the motion for summary judgment in accordance with Civ.R. 56(C), (F), and 6(C)(1), or in conformity with R.C. 2109.50, (3) the magistrate's consideration of the Operating Agreement, (4) the magistrate's failure to construe the evidence in favor of appellant with respect to the sixth, seventh, eighth, and ninth findings of fact, and (5) the magistrate's legal conclusions as to necessary parties, ownership of the Florida property, whether the Operating Agreement was authenticated, that Voelkel is a disinterested third-party, that there is no reasonable chance that the validity of the Operating Agreement can be challenged, the understanding of appellant's argument as to Brad's motivations, and granting summary judgment without complying with R.C. 2109.50 or granting appellant an extension of time. The probate court overruled appellant's objections on September 27, 2023 and adopted the magistrate's decision in full.

## II. Assignments of Error

{¶ 14} Appellant assigns the following six assignments of error for our review:

> [I.] THE PROBATE COURT ERRED BY FAILING TO CONDUCT A HEARING AND MAKE FINDINGS IN ACCORDANCE WITH THE PROVISIONS OF R.C. 2109.50-52, AND CONDUCT AN EXAMINATION OF [APPELLEE] WITH RESPECT TO THE BUSINESS INTERESTS OF THE DECEDENT BRAD BEATLEY INVOLVING THE BUSINESS THAT BRAD BEATLEY CONDUCTED AS PBJ HOLDINGS, LTD.; WHICH INCLUDED RENTAL ACTIVITIES OF BRAD BEATLEY'S FLORIDA HOME HELD IN THE NAME OF PBJ HOLDINGS, LTD. AN OHIO LIMITED PARTNERSHIP.
>
> [II.] THE PROBATE COURT ERRED BY OVERRULING [APPELLANT'S] OBJECTION TO THE PROBATE COURT'S REJECTION OF THE FILING OF A MOTION TO SET A

STATUS CONFERENCE WHICH WAS SUBMITTED TO THE COURT ON APRIL 28, 2023.

[III.] THE PROBATE COURT ERRED BY OVERRULING [APPELLANT'S] OBJECTION TO THE MAGISTRATE'S RENDITION OF SUMMARY JUDGMENT PURSUANT TO CIV.R. 56, WITHOUT AFFORDING THE [APPELLANT] WITH 28 DAYS FOR RESPONSE FOLLOWING THE MOVANT'S SUBMISSION.

[IV.] THE PROBATE COURT ERRED BY OVERRULING [APPELLANT'S] OBJECTION TO THE MAGISTRATE'S CONSIDERATION OF THE UNAUTHENTICATED PBJ HOLDINGS, LTD., OPERATING AGREEMENT.

[V.] THE PROBATE COURT ERRED BY OVERRULING [APPELLANT'S] OBJECTIONS TO CERTAIN FACTUAL CONCLUSIONS MADE BY THE MAGISTRATE WHICH DID NOT CONSTRUE THE FACTS IN FAVOR OF THE NON-MOVING PARTY.

[VI.] THE PROBATE COURT ERRED BY OVERRULING [APPELLANT'S] OBJECTIONS TO CERTAIN FACTUAL CONCLUSIONS MADE BY THE MAGISTRATE WHICH DID NOT CONSTRUE THE FACTS IN FAVOR OF THE NON-MOVING PARTY.

## III. Discussion

{¶ 15} The appeal challenges both the procedural process employed by the probate court and the merits of the decision to grant summary judgment to appellee based on the determination that appellee is the sole owner of PBJ Holdings, LTD, a company that holds title to the Florida property. As explained further below, the facts of this case warrant the conclusion and result arrived by the probate court. In summary, the probate court's use of summary judgment to resolve the action prior to conducting an examination of appellee was both supported by law and justified by appellant's acquiescence to the procedure. Moreover, summary judgment in favor of appellee was warranted since the motion for summary judgment set forth Civ.R. 56 evidence showing appellee owned the contested Florida property and appellant failed to respond by the unopposed deadline established by a magistrate or file a Civ.R. 56(F) motion supported by affidavit to conduct additional discovery. On this record, appellant has not demonstrated the probate court erred to his

prejudice. *See Miller v. Johnson & Angelo*, 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2 ("The burden of affirmatively demonstrating error on appeal rests with the [appellant].");  App.R. 9 and 16(A)(7).

## A. Failure to comply with R.C. 2109.50 through 2109.52

{¶ 16} In his first assignment of error, appellant contends the probate court erred by failing to conduct a hearing and make findings in accordance with the provisions of R.C. 2109.50 through 2109.52, which he contends "precludes disposition of a concealment action by summary judgment through the submission of affidavits." (Appellant's Brief at 30.) We disagree for two reasons: summary judgment is permissible to efficiently resolve concealment actions under R.C. 2109.50 and appellant acquiesced to this procedure.

{¶ 17} First, the question here deals with a possible contradiction between a provision in the concealment action statute, R.C. 2109.50, that states, "the court shall * * * compel the person or persons suspected to appear before it to be examined, on oath, touching the matter of the complaint," and the use of summary judgment under Civ.R. 56 to dismiss the action prior to that examination.

{¶ 18} The Supreme Court of Ohio in *Ohio Patrolman's Benevolent Assn. v. Cleveland*, ___ Ohio 3d. ____, 2024-Ohio-2651, ¶ 15-17 recently described general rules to evaluate such a conflict. "Generally, when a statutory provision conflicts with the Civil Rules, the rule controls procedural issues and the statute controls matters of substantive law." *Id.* at ¶ 15, citing *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, ¶ 20, citing *Boyer v. Boyer*, 46 Ohio St.2d 83, 86 (1976), and Ohio Constitution, Article IV, Section 5(B). "But the Civil Rules do not always preempt statutory law, even on procedural matters." *Ohio Patrolman's* at ¶ 15. As relevant here, the civil rules do not apply to special statutory proceedings in which the procedure set out in the statute would render the civil rule "clearly inapplicable." *Id.*, citing Civ.R. 1(C). "A civil rule is clearly inapplicable to a special statutory proceeding when its ' "use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." ' " *Id.* at ¶ 17, quoting *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 133 (1982), quoting *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349 (10th Dist.1978).

{¶ 19} "An R.C. 2109.50 proceeding for the discovery of concealed or embezzled assets of an estate is a special proceeding of a summary, inquisitorial character." *Goldberg*

*v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, ¶ 23. The purpose of R.C. 2109.50 "is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there" and is intended to provide "a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for purposes of administration." *Id.*, citing *In re Estate of Fife*, 164 Ohio St. 449 (1956), paragraphs one and two of the syllabus; *Goodrich v. Anderson*, 136 Ohio St. 509 (1940), paragraph one of the syllabus (construing predecessor statute).

{¶ 20} Consistent with the purpose of this statute, appellate courts have determined that the civil rules are not "by their nature clearly inapplicable" to an R.C. 2109.50 action for concealment and that summary judgment is a proper means to resolve a concealment action. Civ.R. 1(C). *See Rinehart v. Bank One, N.A.*, 125 Ohio App.3d 719, 732 (10th Dist.1998), citing *In re Estate of Popp*, 94 Ohio App.3d 640, 649 (8th Dist.1994) ("Despite the quasi-criminal nature of an action under R.C. 2109.50, the rules of civil procedure, as practiced in the probate court, are applicable to such a proceeding."); *Art v. Erwin*, 183 Ohio App.3d 651, 2009-Ohio-4306, ¶ 18 (10th Dist.), citing *Randle v. Randle*, 8th Dist. No. 88120, 2007-Ohio-1156, ¶ 8 ("An action filed pursuant to R.C. Chapter 2109 is governed by the civil rules applicable in probate court."); *Estate of Ohman v. Ridoutt*, 6th Dist. No. S-22-015, 2023-Ohio-4008, ¶ 26 (determining that Civ.R. 53 is not, pursuant to Civ.R. 1(C), "clearly inapplicable" to the special statutory proceeding of R.C. 2109.50 "because it does not alter the basic statutory purpose for which the special R.C. 2109.50 procedure was originally provided"); *Flaughers v. Thomas*, 9th Dist. No. 26429, 2013-Ohio-1217, ¶ 5-18 (concluding the defendants' statutory right to a trial pursuant to R.C. 2109.50 did not prevent summary judgment in favor of the plaintiff where she provided uncontested evidence that a bankruptcy court ruling already made findings that established the defendants' liability for concealment of assets and therefore res judicata applied); *In re Estate of Harmon*, 5th Dist. No. 2015 AP 09 0052, 2016-Ohio-2617, ¶ 32-36 (determining probate court did not err in resolving the R.C. 2109.52 case on summary judgment since, "where conflicts arise between the Ohio Civil Rules and statutory law, the rule will control the statute on matters of procedure," pursuant to Ohio Constitution, Article IV, Section 5(B) and Civ.R. 1(A)). *See also Alibrando v. Miner*, 5th Dist. No. 2021 CA 0010, 2021-Ohio-2827 (finding the trial court erred in granting summary judgment in favor of the appellee

where questions of material fact remained); *State v. Harmon*, 5th Dist. No. 2016AP080042, 2017-Ohio-320, ¶ 35 (surveying appellate districts where the rules of civil procedure generally governed R.C. 2109.50 proceedings).

{¶ 21} With these considerations in mind, we conclude that, contrary to appellant's argument, summary judgment is generally permissible to efficiently resolve concealment actions brought under R.C. 2109.50. This determination alone supports overruling the first assignment of error.

{¶ 22} A second basis to overrule appellant's first assignment of error arises from his acquiescence to summary judgment as a procedure to resolve this action. Generally, a party cannot acquiesce to a procedure employed by a trial court and then wait to challenge that procedure upon receiving an adverse outcome. *See State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404 (2002), citing *Lester v. Leuck*, 142 Ohio St. 91 (1943), paragraph one of the syllabus ("[A] party is not entitled to take advantage of an error that he himself invited or induced the court to make."); *Burchett v. Burchett*, 4th Dist. No. 16CA3784, 2017-Ohio-8124, ¶ 16 (rejecting appellant's argument that the trial court erred by failing to hold a hearing to consider his contempt motion where the appellant "invited any error by acquiescing to the court's procedure"); *J. Griffin Ricker Assocs., L.L.C. v. Well*, 10th Dist. No. 21AP-29, 2022-Ohio-1470, ¶ 34 (stating that courts generally "disfavor a party acquiescing to" how a case proceeds "and then later attempting to avoid an adverse ruling by calling [that issue] a foul"). Courts have applied this general rule within the context of R.C. 2109.50. *See Rinehart* at 733-34 (determining the appellant waived the contention that the probate court failed to follow the procedures mandated in R.C. 2109.50, at least to the extent the appellant had "acquiesced" to the procedure utilized); *Sheets v. Hodes*, 142 Ohio St. 559, 563 (1944) (noting the party "did not object to the [concealment] proceeding as instituted").

{¶ 23} In this case, while in his complaint appellant asked the probate court to follow the procedure set forth in R.C. 2109.50, his subsequent actions showed he accepted civil rules such as Civ.R. 12(B)(6) and 56 as means to resolve the action prior to the R.C. 2109.50 examination. For example, in response to appellee's motion to dismiss, appellant appeared to argue against a R.C. 2109.50 hearing: "although the Court has before it evidentiary quality material tendered by [appellant] in the form of [appellant's] Verified Complaint,

[appellee's] mere attachment of an unauthenticated document which lacks any evidentiary quality does not create an evidentiary basis to warrant an evidentiary hearing." (Memo Contra Mot. to Dismiss at 7-8.) Following the probate court's conversion of the motion to dismiss to a motion for summary judgment, appellant moved "for time to permit discovery for summary judgment purposes," filed a reply in support of the motion to conduct discovery "for summary judgment purposes" where he argued Civ.R. 56 procedures were not being properly applied, and attempted to file a request for a status conference that again argued the need to implement a discovery schedule to permit him to obtain rebuttal evidence in response to the motion for summary judgment. (Apr. 13, 2023 Mot. for Time to Permit Discovery at 1; May 1, 2023 Reply at 1; May 31, 2023 Mot. Requesting Status Conference at 4.) In general, appellant did not challenge the use of summary judgment to resolve his concealment action until he met an adverse outcome.

{¶ 24} In these circumstances, we do not find the probate court erred in rejecting appellant's objection to the magistrate's decision based on the procedure of resolving the concealment action through summary judgment prior to an examination under R.C. 2109.50. Accordingly, for the reasons stated above, appellant's first assignment of error is overruled.

## B. Rejecting the April 28, 2023 motion to set a status conference

{¶ 25} In his second assignment of error, appellant argues the probate court erred by overruling his objection challenging the probate court's rejection of his motion to set a status conference. Specifically, appellant argues that at 8:01 p.m. on April 28, 2023—the magistrate's deadline to respond to the motion for summary judgment—he submitted via the electronic filing system a motion requesting a status conference. He asserts the probate court "allowed the submitted motion to remain in the queue for more than two weeks while the magistrate prepared the decision" on summary judgment before rejecting the motion within an hour of the summary judgment decision "so that it would not appear on the docket." Appellant contends these actions violate his "legal right to file in the record, and obtain a ruling" on the motion, which constitutes a denial of due process. (Appellant's Brief at 32, 31.)

{¶ 26} "A trial court has the inherent authority to control its docket and manage the cases before it." *Flynn v. Flynn*, 10th Dist. No. 03AP-612, 2004-Ohio-3881, ¶ 10, citing

*Mayer v. Bristow*, 91 Ohio St.3d 3, 7 (2000). A trial court's decision in this regard will not be reversed absent an abuse of discretion. *Id.*

**{¶ 27}** In this case, appellant did not object to the March 29, 2023 magistrate's order that established the April 28, 2023 deadline to oppose summary judgment, he submitted the motion to set a status conference past the time to respond to summary judgment, and he did not comply with Civ.R. 56(F) in seeking additional time to pursue discovery. (*See* Sept. 5, 2014 Probate Court Administrative Order at 6.) ("[D]ocuments must be submitted by 5:00 p.m. on the date they are due."); *Norris v. Basden*, 10th Dist. No. 23AP-305, 2024-Ohio-1019, ¶ 15-17, quoting *Miller v. NWD 355 McConnell L.L.C.*, 10th Dist. No. 22AP-725, 2023-Ohio-3374, ¶ 12 (explaining that the mechanism to receive additional time to pursue discovery to assist in responding to a summary judgment motion, Civ.R. 56(F) " 'requires the party opposing the motion for summary judgment to provide an affidavit with sufficient basis to explain why they cannot provide sufficient facts by affidavit to support its opposition' ").

**{¶ 28}** Appellant has neither explained how the probate court abused its discretion in declining to accept the motion to set a status conference in these circumstances nor provided legal authority to support his assignment of error. As a result, appellant has not demonstrated error on appeal. *Miller*, 2002-Ohio-3681, at ¶ 2; *see also* App.R. 9 and 16(A)(7) ("The burden of affirmatively demonstrating error on appeal rests with the [appellant]."); *J.W. v. D.W.*, 10th Dist. No. 19AP-52, 2019-Ohio-4018, ¶ 55, citing *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359, ¶ 22 (noting it is not the duty of an appellate court to create an argument on an appellant's behalf).

**{¶ 29}** Moreover, appellant has likewise not shown the probate court's action in this regard prejudiced him. In the May 15, 2023 decision on summary judgment, the magistrate recommended dismissing "all related filing[s]" as moot, which included two similar motions filed by appellant that were pending at that time. (Mag.'s Decision at 6.) Our review of the record shows the instant motion, if it had been accepted by the probate court, would have likely yielded the same result.

**{¶ 30}** Because appellant has not demonstrated the probate court erred by rejecting the April 28, 2023 motion or that he was prejudiced by this decision, his argument lacks merit. Accordingly, appellant's second assignment of error is overruled.

### C. Additional 28 days to respond to appellee's supplement to the motion for summary judgment

{¶ 31} In his third assignment of error, appellant argues the probate court erred by overruling his objection to the magistrate issuing a decision on summary judgment without affording him 28 days to respond to appellee's supplement to the motion for summary judgment. He asserts the process employed by the magistrate violates Civ.R. 56(C), 6(C)(1), and R.C. 2109.50. On the record of this case, we disagree.

{¶ 32} As previously discussed, "[a] trial court has the inherent authority to control its docket and manage the cases before it" and an appellate court reviews a challenge to the trial court's choices in this regard for an abuse of discretion. *Flynn* at ¶ 10, citing *Mayer* at 7. The trial court likewise has "broad discretion" in managing the discovery process. *Kristian v. Youngstown Orthopedic Assocs.*, 7th Dist. No. 03 MA 189, 2004-Ohio-7064, ¶ 18, citing S*tate ex rel. Grandview Hosp. & Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990) ("Trial courts have extensive jurisdiction and power over discovery."). Accordingly, "[t]he determination as to whether to allow additional time to permit a party opposing summary judgment to conduct discovery is within the sound discretion of the trial court." *Kristian* at ¶ 18; *Norris* at ¶ 17. However, in the exercise of judicial discretion, no court has the authority to commit an error of law. *Watson v. Watson*, 10th Dist. No. 22AP-729, 2023-Ohio-3719, ¶ 15, citing *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 38-39. *See*, *e.g.*, *Huntington Bank, NA. v. Honore*, 10th Dist. No. 23AP-384, 2023-Ohio-4524, ¶ 4 (stating that, in general, "[g]ranting a motion for summary judgment before a party's response time has expired is reversible error").

{¶ 33} Initially, to the extent appellant argues the magistrate failed to conform to the process stated in R.C. 2109.50, those arguments lack merit for the reasons stated in the first assignment of error. Therefore, we will proceed to address appellant's contention that he was entitled to 28 days to respond to appellee's supplement to the motion for summary judgment pursuant to Civ.R. 56(C) and 6(C)(1).

{¶ 34} A party seeking summary judgment pursuant to Civ.R 56 "must specifically delineate the basis for which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 116 (1988) (determining a party cannot add a basis for summary judgment for the first time on

appeal). A party that wishes to oppose the motion for summary judgment must ordinarily respond within 28 days after being served with the motion. *See* Civ.R. 56(C) ("Responsive arguments, together with all affidavits and other materials in opposition * * * may be served as provided by Civ.R. 6(C)."); Civ.R. 6(C) ("Responses to motions for summary judgment may be served within twenty-eight days after service of the motion."); *Marshall v. Franklin Cty. Treasurer*, 10th Dist. No. 22AP-45, 2022-Ohio-2880, ¶ 8, 10 (stating that under Civ.R. 56(C) and 6(C)(1), the adverse party "ha[s] 28 days to respond to the * * * motion for summary judgment"). Where the trial court converts a motion to dismiss into a motion for summary judgment, that "motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56" and "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Civ.R. 12(B); *State ex rel. McNew v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 23AP-63, 2024-Ohio-141, ¶ 12.

{¶ 35} While appellant argues that "[b]y rule," he had until May 26, 2023 to respond to appellee's April 28, 2023 supplement to the motion for summary judgment, he has not provided legal authority applying Civ.R. 56(C) and 6(C)(1) within the context of a party supplementing or amending the original motion for summary judgment. (Appellant's Brief at 33.) On this basis alone, he has not met his burden to demonstrate error on appeal. *Miller*, 2002-Ohio-3681, at ¶ 2; *J.W.* at ¶ 55; App.R. 9 and 16(A)(7). Moreover, our independent research shows appellate courts have not, as appellant suggests, established a fixed rule regarding an adverse party's right to respond to supplements or amendments to a motion for summary judgment. Rather, faced with this issue, appellate courts employ a case-by-case analysis centered on whether the appellant was prejudiced, as explained further below.

{¶ 36} At the trial court level, a party is generally permitted to amend or supplement a previously filed motion for summary judgment, subject to the trial court's discretion. *Union Bank Co. v. Lampert*, 3d Dist. No. 2-13-32, 2014-Ohio-4427, ¶ 34 ("[I]t is well within a trial court's discretion to order or allow parties to supplement their arguments in favor of or against summary judgment."); Civ.R. 56(E) ("[t]he court may permit affidavits to be supplemented or opposed by depositions or by further affidavits").

{¶ 37} Whether the adverse party must be afforded additional time to respond to a supplement or amendment to a motion for summary judgment prior to the trial court's decision on that motion depends on whether the party will be prejudiced by a lack of opportunity to respond. *See Toros v. Cuyahoga Cty. Bd. of Dev. Disabilities*, 8th Dist. No. 99637, 2013-Ohio-4601, ¶ 13-16, *appeal not accepted*, 2014-Ohio-2725 (rejecting estate's challenge to the trial court's determination to not allow the estate an opportunity to respond to an amended motion for summary judgment based on an evaluation of prejudice); *Fowler v. Fimiani*, 11th Dist. No. 2017-L-026, 2017-Ohio-9333, ¶ 18-19, 30-41 (evaluating whether a trial court erred by not permitting a party to respond to a supplement to a motion for summary judgment based on prejudice).

{¶ 38} Prejudice, in this context, typically arises where the supplement or amendment to a motion for summary judgment does not merely build upon previously established arguments, but instead presents new arguments or new evidence of a nature that the opposing party has not already had a chance to address. *See Toros* at ¶ 13-16 (determining the trial court did not err in ruling on an amended motion for summary judgment prior to the opposing party's response to the amendment where the amendment did not change the arguments contained within the original motion and the estate had the opportunity to respond to those same arguments within its original brief opposing summary judgment); *Fowler* at ¶ 30-41 (determining an appellant was not prejudiced by the lack of an opportunity to respond to a supplement to a motion for summary judgment since that supplement did not present any new argument or new evidence, the appellant was already aware of the documents attached to the original summary judgment motion addressed by the supplement, and the appellant had an opportunity to challenge those documents in its opposition brief).

{¶ 39} In this case, appellant has not demonstrated prejudice. First, appellant already knew about the arguments and key document appellee addressed with the supplement to the motion for summary judgment. In pertinent part, the supplement added affidavits attempting to authenticate an Operating Agreement and prove appellee is the sole owner of PBJ Holdings, LTD. This issue—whether appellee or Brad (and therefore his estate) owns PBJ Holdings, LTD—was, from the outset, the core issue of appellant's concealment action. Furthermore, appellant's knowledge of the Operating Agreement, as

well as appellant's attendant explanation of Voelkel's discovery of the document as a disinterested party, dated to April 2021, when appellee filed his motion to dismiss with the Operating Agreement attached.

**{¶ 40}** Second, appellant had a meaningful opportunity to address these arguments, but failed to do so or, in the alternative, file a properly supported Civ.R. 56(F) motion. The magistrate converted appellee's motion to dismiss to a motion for summary judgment pursuant to Civ.R. 12(B) in March 2023 due to the attached Operating Agreement, which the magistrate noted was unauthenticated. In that same order, the magistrate set April 28, 2023 as the deadline for both parties to file memoranda and pertinent materials in support or opposition to the motion for summary judgment.

**{¶ 41}** Appellant did not file an objection to the magistrate's March 29, 2023 order pursuant to Civ.R. 53(D)(2)(b) to challenge the imposition of simultaneous briefing. Furthermore, as previously noted, appellant filed a motion for time to permit discovery on April 13, 2023 asking for an additional 45 days to conduct discovery related to the Operating Agreement, but he did not file a Civ.R. 56(F) motion supported by affidavit prior to the deadline to respond to the motion for summary judgment.

**{¶ 42}** Appellant's failure to file a Civ.R. 56(F) motion supported by affidavit undermines his contention that the magistrate's process inappropriately cut his discovery short or otherwise prevented him from obtaining evidence to oppose summary judgment. In *Norris*, 2024-Ohio-1019, at ¶ 15, this court explained:

> While there is a "wide scope of permissible discovery" in civil litigation, "a party's efforts to conduct discovery may be interrupted" since "a motion for summary judgment can be filed at 'any time.' " *Miller v. NWD 355 McConnell L.L.C.*, 10th Dist. No. 22AP-725, 2023-Ohio-3374, ¶ 11-12 (10th Dist.), citing Civ.R. 26(B)(1) and 56(B). "Once a motion for summary judgment is filed, Civ.R. 56(F) provides a mechanism for the nonmoving party to receive additional time to pursue discovery that could assist in responding to the motion." *Id.* at ¶ 12, citing *Jacobs v. Jones*, 10th Dist. No. 10AP-930, 2011-Ohio-3313, ¶ 58.

The party seeking additional time for discovery to oppose a motion for summary judgment must support the Civ.R. 56(F) motion with an affidavit explaining " 'why they cannot provide sufficient facts by affidavit to support its opposition.' " *Norris* at ¶ 16, quoting

*Miller*, 2023-Ohio-3374, at ¶ 12. A trial court does not abuse its discretion by proceeding to rule on a motion for summary judgment where a party requests more time to complete discovery but does so without complying with Civ.R. 56(F). *Kristian* at ¶ 19; *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 24, quoting *Grenga v. Youngstown State Univ.*, 10th Dist. No. 11AP-165, 2011-Ohio-5621, ¶ 22 (" 'Where a party does not file a Civ.R. 56(F) motion, it is not error for the trial court to rule on a motion for summary judgment' where discovery is pending.").

{¶ 43} With these considerations in mind, appellant has not demonstrated the probate court was obligated, as a matter of law, to provide him an additional 28 days to respond to appellee's supplement to the motion for summary judgment under Civ.R. 56 and 6(C). Moreover, the facts of this case show the probate court did not abuse its discretion in ruling on appellee's motion for summary judgment without affording appellant additional response time. The affidavits attached to the supplement here pertained to arguments and information already in contention. Appellant was aware of the arguments and issues addressed in appellee's supplement, he had a meaningful opportunity to respond to these issues to potentially create a genuine issue of material fact precluding summary judgment in appellee's favor, and he failed to file a Civ.R. 56(F) motion to secure additional discovery to aid his response. Appellant's arguments to the contrary, therefore, lack merit. Accordingly, appellant's third assignment of error is overruled.

## D. Consideration of the Operating Agreement

{¶ 44} In his fourth assignment of error, appellant contends the probate court erred by overruling his objection to the magistrate's consideration of what he contends to be an unauthenticated Operating Agreement for PBJ Holdings. Specifically, appellant argues the affidavits attached to appellee's supplemental memorandum fail to authenticate the Operating Agreement and, therefore, the probate court could not rely upon the Operating Agreement to support summary judgment.

{¶ 45} An appellate court reviews a trial court's decision on the admissibility of evidence, including affidavits submitted to support or oppose summary judgment, for an abuse of discretion. *Cashlink, L.L.C. v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-

5906, ¶ 9. For the reasons below, we find the probate court has not abused its discretion on the facts of this case.

**{¶ 46}** Civ.R. 56(C) limits the materials a trial court may consider when deciding a motion for summary judgment to pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action. *State ex rel. Bradford v. Bowen*, 167 Ohio St.3d 477, 2022-Ohio-351, ¶ 11; Civ.R. 56(C) ("No evidence or stipulation may be considered except as stated in this rule."). Any evidentiary matter not specifically authorized by Civ.R. 56(C) must be incorporated by reference in a properly framed affidavit. *State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, ¶ 10, citing Civ.R. 56(E) ("Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."). The Civ.R. 56(E) requirement is satisfied by attaching the papers to the affidavit, " 'coupled with a statement therein that such copies are true copies and reproductions.' " *HSBC Bank USA, N.A. v. Webb*, 10th Dist. No. 16AP-845, 2017-Ohio-9285, ¶ 13, quoting *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981).

**{¶ 47}** Here, while in their affidavits included with appellee's supplemental memorandum appellee and Voelkel testify regarding the Operating Agreement for PBJ Holdings, neither affidavit states that the document attached is a true and accurate copy. As a result, the affidavits do not properly authenticate the Operating Agreement pursuant to *Webb* and *Seminatore*. Nevertheless, as explained below, the probate court's decision to rely on the Operating Agreement does not rise to the level of an abuse of discretion on the facts of this case and, even if such reliance was in error, appellant was not prejudiced on the facts of this case.

**{¶ 48}** Generally, the failure to authenticate a document not specifically authorized by Civ.R. 56 strips the document of evidentiary value in deciding summary judgment. *Bradford* at ¶ 9, citing *Russo* at ¶ 10. *Nicely v. Kline*, 10th Dist. No. 05AP-825, 2006-Ohio-951, ¶ 21 ("Ordinarily, unauthenticated documents * * * may not support summary judgment."). However, a trial court has discretion to consider unauthenticated documents in determining summary judgment where the opposing party fails to object to that evidence. *Cam Dev. Co. v. Huntington Natl. Bank*, 10th Dist. No. 18AP-6, 2019-Ohio-1136, ¶ 11 (stating that, absent an objection, "a trial court is free to consider the evidence

presented" in support of a motion for summary judgment); *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 17 (holding that courts may consider evidence that does not comply with Civ.R. 56(C) if there is no objection on that basis).

{¶ 49} As previously discussed in relation to other assignments of error, in this case appellant did not object to the magistrate's use of summary judgment to resolve this issue or the deadline established by the magistrate's order. With this uncontested procedure in place, appellant did not move the magistrate to strike the Operating Agreement or file a memorandum in opposition to the summary judgment motion. Rather, appellant sought additional time to conduct discovery to better oppose the evidentiary issues raised by the Operating Agreement. Essentially, appellant recognized the Operating Agreement as Civ.R. 56 evidence that he would attempt to contradict with more time and discovery. In these circumstances, we cannot say the probate court abused its discretion in permitting consideration of the Operating Agreement and adopting the magistrate's decision on this issue. *See Cam Dev. Co.* at ¶ 11; *Gilmour Realty, Inc.* at ¶ 17. *See also Vogel v. Campanaro*, 12th Dist. No. CA2020-07-036, 2021-Ohio-4245, ¶ 69 (explaining that "[i]n ruling on objections to a magistrate's decision, a trial court is limited to reviewing issues actually presented to and decided by the magistrate" therefore where "an objection raises an issue not presented or decided by the magistrate, the objecting party is improperly asking the court to reach a different decision based on a new ground").

{¶ 50} Furthermore, appellant has not demonstrated he was prejudiced by the probate court relying on the Operating Agreement since he failed to oppose the motion for summary judgment and set forth specific facts showing that a genuine issue exists. "An appellate court reviews summary judgment under a de novo standard." *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 10th Dist. No. 20AP-563, 2021-Ohio-3898, ¶ 9. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 51} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. Civ.R. 56(C); *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; Civ.R. 56(E).

{¶ 52} The court reviewing a summary judgment motion may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). Sworn pleadings such as a verified complaint may constitute evidence under Civ.R. 56. *Columbus v. Bahgat*, 10th Dist. No. 10AP-943, 2011-Ohio-3315, ¶ 15, citing *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 298 (1997). "Consequently, a trial court can accept factual averments in a verified complaint as evidence, but only to the extent that those averments are within the personal knowledge of the affiant who verified the complaint." *Bahgat*, citing *Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 13-14.

{¶ 53} In this case, appellee met his initial burden of informing the probate court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. Civ.R. 56(C); *Dresher* at 293. This case turned on a single material fact: who owned PBJ Holdings. *See Pirock v. Crain*, 11th Dist. No. 2019-T-0027, 2020-Ohio-869, ¶ 121 ("In a concealment action, the plaintiff must establish that the decedent had *title to the asset* upon his or her death."). (Emphasis sic.)

{¶ 54} Appellee pointed the magistrate to the Articles of Organization filed with the Ohio Secretary of State in 2012, which identified "PBJ Holdings" as a for-profit LLC with appellee signing as an individual "member, manager or other representative" in order to appoint himself as the statutory agent. (Compl., Ex. 5, at 3.) By affidavit, appellee testified that he "is the sole owner of PBJ Holdings, LTD., the company which owns the Florida property, and that [the decedent's] estate has no ownership or claim to any interest in this Florida property." (Fisher Aff. at ¶ 19.) The testimony provided in Voelkel's affidavit

supports appellee's contentions.  Voelkel attested to the decedent informing him that he was going to arrange for appellee to hold title to the Florida property.

{¶ 55} While in his verified complaint appellant states, "[t]he membership interests, of PBJ Holdings, LTD, an Ohio limited liability company belong to and constitute personal property and assets of the estate[,]" the averments of fact surrounding that statement do not show appellant had personal knowledge of the business ownership. (Compl. at ¶ 36.) *See Bahgat*; *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* 875 (7th Ed.Rev.1999) (" 'Personal knowledge' is 'knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' "); *Home Savs. & Loans Co. v. Eichenberger*, 10th Dist. No. 12AP-1, 2012-Ohio-5662, ¶ 18 ("The mere assertion of  personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) only if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.")  And as previously indicated, appellant did not otherwise respond, by affidavit or by pointing to existing Civ.R. 56 evidence, to identify specific facts showing that a genuine issue exists for trial.  Civ.R. 56(E). *See Miller v. Blume*, 7th Dist. No. 13 No. 398, 2013-Ohio-5290, ¶ 1, 18 through 35 (determining that where a movant sets forth evidence refuting the allegations set forth in a verified complaint, the nonmovant retains his reciprocal burden to respond pursuant to Civ.R. 56(E) to show a genuine issue of material fact exists for trial).  As a result, even if for sake of argument the probate court erred by considering the Operating Agreement, the error was not prejudicial on the facts of this case.  *See Citibank v. McGee*, 7th Dist. No. 11 MA 158, 2012-Ohio-5364, ¶ 20 (determining the trial court's failure to strike an improper exhibit attached to a motion for summary judgment was harmless because it was not necessary to prove the appellee's case on summary judgment).

{¶ 56} Considering all the above, we conclude appellant has not succeeded in demonstrating the probate court erred in permitting consideration of the Operating Agreement to resolve summary judgment.  Accordingly, appellant's fourth assignment of error is overruled.

**E. Not construing evidence in appellant's favor in making factual findings**

{¶ 57} In his fifth assignment of error, appellant argues the probate court erred by overruling his objection to certain factual findings made by the magistrate in a manner that did not construe the facts in favor of the non-moving party. As previously stated, in rendering summary judgment, a court must strongly construe the evidence in favor of the party against whom the motion for summary judgment is made. Civ.R. 56(C); *Grady* at 183. Although "trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party," summary judgment is nevertheless appropriate "where a [non-movant] fails to respond with evidence supporting the essentials of [his] claim." *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269 (1993).

{¶ 58} With this assignment of error, appellant specifically challenges the magistrate's sixth, seventh, eighth, and ninth findings of fact. The magistrate's sixth finding of fact states: "On June 20, 2012, Shawn Fisher filed articles of organization with the Ohio Secretary of State for a limited liability company called PBJ Holdings LTD ("PBJ Holdings"). The operating agreement for PBJ Holdings states that Shawn Fisher has a 100% ownership interest in the limited liability company." (Mag.'s Decision at 2.)

{¶ 59} Appellant argues that since the Operating Agreement was not authenticated, the magistrate could not rely on it to determine ownership of PBJ Holdings. The argument lacks merit as discussed in resolving the fourth assignment of error. Appellant also challenges the magistrate's "conflation" of PBJ Holdings the LLC with PBJ Holdings the Limited Partnership ("LP") or a separate rental business. However, nothing in the text of the sixth finding of fact indicates the magistrate decided to conflate various types of business. What *is* stated in the sixth finding of fact is supported by unopposed evidence showing appellee filed articles of organization for an LLC named PBJ Holdings and the Operating Agreement states appellee holds sole ownership of that company. Appellant's argument concerning the sixth finding of fact lacks merit.

{¶ 60} The magistrate's seventh finding of fact states: "The operating agreement was initially unavailable to Shawn Fisher. However, a disinterested third-party, Scott Voelkel, located the operating agreement among the Decedent's personal effects." (Mag.'s Decision at 3.) Appellant believes conflicting evidence exists concerning the Operating Agreement

since appellee's lawyer in 2020 stated PBJ Holdings did not have an Operating Agreement, the document was found in Brad's office desk, and Voelkel's affidavit discussed the creation of an Operating Agreement for Brad's business. We disagree.  The evidence supported this finding, and appellant had but did not avail himself of the opportunity to challenge discovery of the Operating Agreement and attempt to create an issue of material fact.  The magistrate's finding in this regard was warranted in these circumstances, and consequently appellant's contention that the probate court erred in adopting the seventh finding of fact lacks merit.

{¶ 61} The magistrate's eighth and ninth findings of fact, which appellant argues together, state:

> 8. Also on June 20, 2012, the Decedent executed a quitclaim deed to convey ownership of the Miami Beach Property to PBJ Holdings.
>
> 9. [Appellant] believes the Decedent transferred the Miami Beach Property to PBJ holdings because "[a]s a consequence of Brad's [the Decedent's] outstanding creditor issues [he] often resorted to creative albeit often incomplete ownership structures to preserve his property interests." Pl.'s Memorandum Contra to Motion to Dismiss at 2. Alternatively, Shawn Fisher believes the Decedent transferred the Miami Beach Property to PBJ Holdings because the Decedent did not want his family to claim an ownership interest in the event of his death. Def.'s supplemental memorandum to Motion to Dismiss at 5.

(Mag.'s Decision at 3.)

{¶ 62} Appellant contends initially that, "Brad did not deed [his] Florida home to PBJ Holding[s], Ltd., an Ohio Limited Liability Company – the conveyance was made to PBJ Holdings, Ltd., an Ohio Limited Partnership" and "this conveyance stands [as] a conveyance to an assumed name in which Brad Beatley intended to conduct his rental business." (Appellant's Brief at 40.)  Initially, we note these two finding of fact do not mention an LLC but, when read in conjunction with the sixth finding of fact, it is clear the magistrate determined Brad conveyed the Florida home to PBJ Holdings, the LLC determined to be owned by appellee.

{¶ 63} Appellant has not demonstrated the magistrate erred in this regard. Appellee's motion for summary judgment provided evidence to support the magistrate's finding that Brad conveyed the Florida property to PBJ Holdings and that the company was an LLC. Appellant did not respond to the motion for summary judgment to create an issue of material fact concerning the conveyance and form of the company. Furthermore, appellant acknowledged PBJ Holdings is an Ohio LLC, that the deed "mischaracterized" the form of the company, and that mistake does not render the deed ineffective. Stated another way, appellant agreed that the language in the deed describing PBJ Holdings as an Ohio Limited Partnership was incorrect but, essentially, not material to the question of ownership. (Oct. 5, 2020 Memo in Support of Mot. for Preliminary Injunction at 3; *See also* Compl. Ex. 4, Miami-Dade Property record recognizing the transfer of the Florida property to "PBJ Holdings LTD" without regard to the form of the company.) Because the unopposed evidence supports the magistrate's finding concerning the form of the company and the record shows appellant agreed with this assessment when it suited him, we find appellant's contentions in this regard lacks merit.

{¶ 64} Specific to the ninth finding of fact, appellant additionally argues that "no competent evidence" was introduced to show Brad intended to preclude his family from taking his interest in the Florida home. (Appellant's Brief at 41.) Because ownership of PBJ Holdings is the dispositive fact in this case, Brad's alleged views on preventing his family from having the Florida property are superfluous. In other words, appellant's argument here does not concern a material fact that could preclude summary judgment.

{¶ 65} With these considerations in mind, appellant has not shown the probate court failed to construe the evidence strongly in his favor or otherwise erred by overruling his objection to the magistrate's factual findings. Accordingly, his fifth assignment of error is overruled.

## F. Erroneous legal conclusions

{¶ 66} In his sixth assignment of error, appellant argues the probate court erred by overruling his objection to certain legal conclusions made by the magistrate which appellant contends were erroneous. Appellant specifically takes issue with the magistrate's legal conclusions concerning ownership of the Florida property by PBJ Holdings as an LLC,

that the Operating Agreement was supported or authenticated by any affidavit, that Voelkel was a disinterested person, and the magistrate's comment regarding necessary parties.

{¶ 67} First, appellant contends the magistrate's legal conclusion that the Florida property is owned by PBJ Holdings as an Ohio LLC is erroneous. In response to appellant's fifth assignment of error, we determined appellant failed to show the magistrate erred in finding Brad conveyed the Florida property to PBJ Holdings, an Ohio LLC, and upheld the probate court's decision to adopt the challenged finding of fact. Because the magistrate did not err with regard to this finding of fact, the magistrate's legal conclusion that the Florida property is owned by PBJ Holdings, LTD as an Ohio LLC is warranted and appellant's argument to the contrary lacks merit.

{¶ 68} Second, appellant contends the magistrate's legal conclusion that the Operating Agreement was supported or authenticated by any affidavit, was erroneous. As discussed in more detail in the fourth assignment of error, appellant is correct that the affidavits do not properly authenticate the Operating Agreement pursuant to *Webb* and *Seminatore* since they do not attest to the attached document constituting a true and accurate copy of the Operating Agreement. However, we determined the probate court did not abuse its discretion by relying on the Operating Agreement on the facts of this case since appellant did not move the magistrate to strike the Operating Agreement or file a memorandum in opposition to summary judgment but rather sought additional time to conduct discovery to better oppose the evidentiary issues the agreement raised. *Cam Dev. Co* at ¶ 11. As a result, while appellant's contention about the deficiency in the affidavits is true, he was not prejudiced by the error and has demonstrated reversal is warranted in this case.

{¶ 69} Third, appellant contends the magistrate's legal conclusions that Voelkel is a disinterested person and that the validity of the Operating Agreement cannot be challenged is erroneous. The Operating Agreement, Voelkel's involvement in discovering the Operating Agreement, the allegation that Voelkel had "no interest in the matter," and appellee's prior position that "there was not operating agreement or other organization paperwork for PBJ Holdings, LTD other than articles of organization," were all assertions set forth in the original motion for summary judgment. (Memo in Support of Summ. Jgmt. at 2, 3.) As described previously, appellant did not object to the Operating Agreement as

summary judgment evidence and he failed to oppose summary judgment or request additional time for discovery pursuant to Civ.R. 56(F) even though he had ample time to do so in accordance with the timeline and procedure he acquiesced to. Appellant has not demonstrated the magistrate erred on this record.

{¶ 70} Next, appellant essentially challenges the ultimate legal conclusion reached by the magistrate in favor of appellee instead of determining Brad held the Florida property in an assumed name, PBJ Holdings, LTD, which vested in the estate. In doing so, appellant reiterates arguments that we have previously found to lack merit or have no impact on the appeal. Because we have determined the probate court did not err in adopting the magistrate's finding that Brad conveyed the Florida property to PBJ Holdings, LTD and that business was owned solely by appellee, appellant's argument to the contrary lacks merit.

{¶ 71} Finally, appellant argues the probate court erred by adopting the magistrate's incorrect conclusion that Brad's sister and the administrator of his estate are necessary parties. The magistrate did not base its decision on any determination concerning necessary parties since it found no issue of material fact remained as to ownership of the Florida property. Similarly, because we have determined the probate court did not err in granting summary judgment in favor of appellee based on his ownership of the Florida property, appellant's argument considering necessary parties is moot. *See State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, ¶ 26 (explaining that "when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court" that issue is moot). Accordingly, appellant's sixth assignment of error is overruled.

## IV. Conclusion

{¶ 72} For the foregoing reasons, we overrule appellant's six assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

————————————